IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY MOORE,

    Petitioner,

v.                           Case No. 5:16cv292-MP/CAS

N.C. ENGLISH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER § 2254 PETITION

On or about October 15, 2016, Petitioner Anthony Moore, an inmate proceeding pro se, filed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He also filed a motion for leave to proceed in forma pauperis, ECF No. 2, and a motion to appoint counsel, ECF No. 3.

Petitioner Moore is an inmate at the Federal Correctional Institution in Marianna, Florida. *See* ECF No. 1. In his § 2254 petition, he challenges a state court judgment and sentence entered in case number 09-01-K-2551 by the Cass County District Court in Fargo, North Dakota. *See id.* From the attached Memorandum and Order Denying Petitioner's Request for Post-Conviction Relief, entered by the State of North Dakota, East Central Judicial District, on August 22, 2016, Petitioner Moore is still serving his 20-

year sentence, in case number 09-01-K-2551, which was imposed on January 17, 2002. See ECF No. 1-1 (Ex. A).

Generally, for § 2254 petitions, jurisdiction is appropriate in the district of confinement and the district of conviction. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated). In this case, however, Petitioner Moore is housed in a Florida federal prison, but he challenges a North Dakota state court conviction, the sentence for which he is evidently still currently serving. Therefore, the district of conviction appears the most convenient and appropriate venue, and this petition should be transferred to the United States District Court for the District of North Dakota. 28 U.S.C. §§ 114, 1404(a), 2241(d). See Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992). Notably, Petitioner currently has pending in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a prison disciplinary action and incident report. See Moore v. English, No. 5:16cv120-MP/CAS.

It is therefore respectfully **RECOMMENDED** that the case file and any pending motions and service copies be **TRANSFERRED** to the United

States District Court for the District of North Dakota, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2016.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.